UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>SCIPIO ANTHONY DUNN and<br>KIMBERLY JANINE DUNN,<br><br>　　　　　Debtors. | Chapter 13<br><br>No. 08-11112<br><br>**DECISION and ORDER ON OBJECTION TO CONFIRMATION** |

　　Before the court is Debtors' motion to confirm their Second Amended Chapter 13 Plan, filed 19 November 2008 (docket no. 37) ("Plan"). U.S. Bank N.A., "as Trustee for CMLTI 2007-WFHE2 and its servicing agent Wells Fargo Bank, N.A." ("U.S. Bank" or "Bank") has objected to plan confirmation on the ground that the proposed Plan impermissibly modifies its rights in violation of 11 U.S.C. § 1322(b)(2)[1]. The Bank does not question the Plan's feasibility or the Debtors' good faith.

　　Debtors' Plan may have been precipitated by U.S. Bank's motion for adequate protection of 15 October 2008 (docket no. 32). Therein the Bank alleged Debtors were not making payments to it, and sought adequate protection payments pending confirmation. That motion is also before the court.

　　Notwithstanding In re Proudfoot, 144 B.R. 876 (9th Cir. BAP 1992) and In re Gavia, 24 B.R. 573 (9th Cir. BAP 1982), bankruptcy judges in this district have approved chapter 13 plans which do not require

---

[1] Absent contrary indication, all "Code," chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23. "RCW" refers to the Revised Code of Washington, and "WnCR" to the Washington Civil Rules.

payments to home mortgage (or deed of trust) creditors when the plans: (1) grant the mortgage creditor relief from stay immediately, (2) specify a date, not significantly beyond the date the creditor could otherwise conduct a foreclosure sale, by which the debtor must sell the property, or there is an equity cushion or other adequate protection sufficient to protect the creditor beyond that date, (3) provide that the debtor will enter into a stipulated order for relief from stay at the creditor's request; and (4) include a provision that in any conflict between the plan and a stipulated order for relief from stay, the stipulation controls.

Debtors' Plan meets those requirements; U.S. Bank's objection will be **OVERRULED** and its motion for adequate protection **DENIED**. The rationales follow.

## I.  FACTS

Debtors filed this chapter 13 case on 28 February 2008. They propose to:

> [s]ell the [P]roperty . . . on or before April 30, 2009, to pay mortgage creditors in full or such other amount as the creditors may agree to accept under a short-sale arrangement. Debtor will stipulate to immediate relief from stay if requested by mortgage creditors provided that no foreclosure sale occurs prior to the above date. If a different date is set forth in the stipulation, the stipulation shall control. If no stipulation is presented by mortgage creditors, relief from stay shall be granted to mortgage creditors upon confirmation of the plan.

Plan, ¶ 10(f). This is not a familiar "house saver" plan in which debtors propose to cure delinquencies over the life of the plan while continuing to make regular payments. Rather, it is in the nature of a

"Hail Mary" plan[2] thrown in hopes of salvaging something out of a grim (even in Seattle) real estate market and a stringent economy.

U.S. Bank asserts in its objection that it holds a note secured by a deed of trust encumbering Debtors' real property at 1612 South 254th Place, Des Moines, Washington, their principal residence. According to the Bank's proof of claim, there was a pre-petition arrearage of $18,638.98, and the ongoing monthly payment is $1902.48. Of course, Debtors' petition for relief under chapter 13 of the Code stays any foreclosure, § 362(a)(1), (4), (5), and (6), but U.S. Bank has not sought relief from stay. As noted above, it later moved for adequate protection, stating that it had not received post-petition payments and requesting pre-confirmation disbursement of the monthly payments. The Bank cited no authority in support of the motion.

## II. JURISDICTION

These are core proceedings within this court's jurisdiction. 28 U.S.C. § 1334(a) and (b), and 157(a) and (b)(2)(L); General Rule 7, ¶ 1.01, Local Rules, W.D. Washington.

U.S. Bank has submitted no evidence that it holds the note, or that it is authorized to act for whomever does, although attached to its proof of claim are copies of Debtors' recorded Deed of Trust naming Wells Fargo Bank as beneficiary and the recorded assignment of it to U.S. Bank. While the lack of evidence regarding the holding of the note could put the Bank's standing in question, see In re Parrish, 326 B.R.

---

[2] A "Hail Mary" pass is "[A] long pass thrown high into the air in a last-ditch attempt to score a touchdown with time running out; aptly named because so few are completed, it does not amount to much more than a prayer." Dave Ominsky & P.J. Harari, Football Made Simple: A Spectator's Guide, 116 (4th ed. 2002) (emphasis omitted).

708, 720-21 (Bankr. N.D. Ohio 2005), Debtors listed the Bank as the secured creditor on their residence in their Schedule D, and have not objected to its claim.  The Bank has standing.

### III. ISSUE

Whether the Plan impermissibly modifies the rights of the Bank as a creditor whose only security is an interest in Debtors' residential real property.

### III.  DISCUSSION

The Code prohibits chapter 13 plans from modifying the rights of holders of claims secured only by a security interest in real property that is a debtor's principal residence.  Specifically, 1322 provides:

> (b) Subject to subsections (a) and (c) of this section, the plan may —
>
> . . .
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims[.]

But a plan may provide for the curing of a default within a reasonable time.  § 1322(b)(5).

The Ninth Circuit Bankruptcy Appellate Panel has held that a plan proposing to withhold current mortgage payments pending sale of a debtor's residence violates § 1322(b)(2).  In re Proudfoot, 144 B.R. at 877-78.  In that case, debtor proposed in a third modified plan to sell his home and use the proceeds to pay off the mortgage, without maintaining his mortgage payments in the interim.  The bankruptcy court approved modification of the plan over the mortgage creditor's

objection. The BAP reversed, citing In re Gavia, a consolidated appeal in which several Chapter 13 debtors proposed to pay creditors in full from the proceeds of sales of their homes, but not pay installment payments to the creditors for as long as six months pending the sales. The Panel held in both cases that providing for withholding current mortgage payments pending sale of residential properties created rather than cured defaults, and thus the confirmation of such plans contravened § 1322(b)(5)). Gavia, 24 B.R. at 575; and Proudfoot, 144 B.R. at 877-78.

It bears recall at this juncture that the payment default here is not created by the Plan: Debtors were in default before the Plan was proposed, and the Bank's proof of claim indicates they were in default pre-petition.

Under Washington law, it takes a minimum of 120 days to foreclose nonjudicially after the initial notice of default — 30 days to cure, followed by notice of sale at least 90 days before the sale. RCW §§ 61.24.030, 61.24.040; see also Stoebuck and Weaver, Real Property Practice, 18 Wash. Prac. §§ 20.10, 20.11 (2004). Judicial foreclosure takes longer, requiring the service of a summons and complaint. Even if not answered, at least 20 days must elapse after personal service before a default judgment of foreclosure can be obtained, and then four weeks' notice of the sheriff's sale, followed by a 12-month redemption period. WnCR 12 and 55; RCW §§ 61.12; 6.21.030; and 6.23.020; see also Tegland, Rules Practice, 3A Wash. Prac. § CR 12 and 4 Wash. Prac. § CR 55 (2006), and Stoebuck and Weaver, 18 Wash. Prac. Ch. 19. Nothing on the docket indicates that U.S. Bank had commenced foreclosure proceedings pre-petition; Debtors answered question 5 in their Statement of Financial Affairs that no foreclosure has been commenced.

Debtors' Plan provides for immediate relief from stay by stipulation, so long as no foreclosure sale occurs before 30 April 2009 (or another date agreed to by the parties); otherwise, relief from stay will occur upon confirmation. There has been no stipulation, and assuming prompt presentation of a confirmation order, U.S. Bank will imminently have relief from stay. Under Washington law no sale could occur before the Plan's sale deadline — 30 April is less than 120 days after the confirmation hearing.

In effect, U.S. Bank has the same rights under the Plan it would have outside of bankruptcy. Neither Proudfoot nor Gavia addressed an analogous situation. Neither mentions whether relief from stay was granted or in the offing, or the status of any foreclosure. Presumably, had the plans in those cases been confirmed, the mortgage creditors would have had to wait until the sale deadlines passed to obtain relief from stay or dismissal. In Gavia, that was to be six months; Proudfoot does not say what the deadline was to be, or if there was one. The cases are predicated on their unique facts, and I do not read them as mandating denial of confirmation of sale plans that do not provide for current ongoing payments, so long as reasonable requirements are met. See In re Newton, 161 B.R. 207, 217-18 (Bankr. D. Minn. 1993) (outlining requirements for a cure-by-sale plan, such as providing terms of a marketing plan and incorporating a default remedy into the plan). Another court considering the propriety of sale plans concluded that in general they "do not per se modify secured creditors' rights; they merely delay immediate payment to creditors in consideration for what is often accelerated full payment." In re Erickson, 176 B.R. 753, 757 (Bankr. E.D. Pa. 1995).

1   The Plan here neither creates a default, nor does it impermissibly
2   modify U.S. Bank's rights: upon confirmation, it is free to start the
3   foreclosure process. Section 1322(b)(2) does <u>not</u> require the
4   maintenance of payments; rather plans "<u>may</u>" so provide (emphasis added);
5   <u>see</u> <u>In re Lopez</u>, 372 B.R. 40, 48-49 (9th Cir. BAP 2007), <u>opinion adopted</u>
6   <u>by</u> <u>In re Lopez</u>, ___ F.3d ___, 2008 WL 5382337 (9th Cir. 24 Dec. 2008)
7   (ongoing mortgage payments need not be paid through the trustee even
8   when the plan provides for cure of a mortgage default). Both <u>Gavia</u> and
9   <u>Proudfoot</u> can be understood as holding that the proposed cure periods
10  were unreasonable in the absence of ongoing payments — 6 months in
11  <u>Gavia</u>; apparently indefinite in <u>Proudfoot</u>.

12      Not so here — the proposed cure period mirrors the foreclosure
13  timeline in the absence of bankruptcy. And the Debtors are proposing
14  cure — either pay the loan in full, or a short sale acceptable to the
15  Bank. The Bank has the option to foreclose if the payoff is
16  insufficient. That is exactly the situation which would obtain, absent
17  bankruptcy, when borrowers are not paying. And the Bank has only argued
18  that the Plan transgresses § 1322, and not that the confirmation
19  requirements of § 1325 are violated.

20      That Debtors are almost a year into the case is of no moment. U.S.
21  Bank, for whatever reason, has not sought relief from stay, and the Plan
22  calls for completion of any sale before the bank could conduct a
23  nonjudicial foreclosure under Washington law, and long before it could
24  foreclose judicially.

25      As the Plan will be confirmed, the Bank's motion for adequate
26  protection is moot and will be denied by separate order.

## IV. ORDER

U.S. Bank's objection is **OVERRULED**, and as there are no other objections to the Plan, the trustee may lodge a confirmation order.

*/// – END OF ORDER – ///*

_____
Philip H. Brandt
United States Bankruptcy Judge
(Dated as of "Entered on Docket" date above)

Serve via BNC